**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| R'KES STARLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IRON HAMMER ROOFING, LLC,<br><br>Defendant. | Case No.<br><br>**3:26-CV-02653-S** |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND TO CONTINUE INITIAL HEARING**

Plaintiff R'Kes Starling ("Plaintiff") respectfully moves under Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b) for an extension of time to respond to Defendant Iron Hammer Roofing, LLC's ("Defendant") Motion to Dismiss and Brief in Support, ECF No. 13, and a continuance of the initial hearing currently set for December 1, 2026, ECF No. 15. Defendant does not oppose either request. In support, Plaintiff states as follows:

**Background**

1. On November 12, 2026, Defendant filed its Motion to Dismiss and Brief in Support (the "Motion to Dismiss"), seeking dismissal of Counts 2 and 3 of Plaintiff's Class Action Complaint under Rule 12(b)(6) and of Plaintiff's requests for injunctive relief under Rule 12(b)(1). ECF No. 13. Under Local Civil Rule 7.1(e), Plaintiff's response is currently due December 3, 2026.

2. On November 16, 2026, the Court entered its Order Setting Initial Hearing, which set this case for an in-person hearing under Rule 16 on December 1, 2026, at 12:00 p.m. (ECF No. 15.) The Order provides that any request to reschedule the hearing must be made by written motion

that demonstrates good cause, sets out all immovable conflicts for all attorneys of record, and includes a certificate of conference. (*Id.*)

**Extension of Time to Respond to the Motion to Dismiss**

3. Plaintiff requests that the Court extend his deadline to respond to the Motion to Dismiss from December 3, 2026, through and including December 11, 2026. Good cause supports the request. The Motion to Dismiss raises several distinct issues, including whether a private right of action exists to enforce 47 C.F.R. § 64.1601(e), whether Plaintiff has standing to seek injunctive relief, and whether Plaintiff has stated a claim under Texas Business and Commerce Code § 302.101. The current response period spans the Thanksgiving holiday and also includes the court-ordered mediation session described below, which Plaintiff's counsel must attend on December 1, 2026.

4. This is Plaintiff's first request for an extension of this deadline. The request is made before the current deadline expires, is made in good faith and not for purposes of delay, and will not prejudice any party.

**Continuance of the Initial Hearing**

5. Good cause exists to continue the initial hearing. Plaintiff's counsel, Andrew Roman Perrong, has a previously scheduled, judicially ordered mediation session on December 1, 2026, in a matter pending in the United States District Court for the Middle District of Pennsylvania. Because the Court requires in-person attendance at the initial hearing in this matter, Plaintiff's counsel cannot attend both the mediation and the hearing on December 1.

6. *Immovable conflicts of all attorneys of record.* Mr. Perrong is Plaintiff's lead counsel, and his immovable conflict is the December 1, 2026 court-ordered mediation described above. Defendant is represented by Casey Griffith and Ellie Johnson of Griffith Barbee PLLC.

After conferring, counsel for both parties confirmed that December 28, 2026 and December 30, 2026 are both available on their schedules.

1. Plaintiff's counsel resides and maintains his offices in Pennsylvania and is already scheduled to be in Dallas on December 28 and December 30, 2026. Resetting the hearing to either date will therefore allow lead counsel for both parties to attend in person, as the Court requires, without additional travel.

2. Plaintiff accordingly requests that the Court continue the initial hearing to December 30, 2026, at a time convenient for the Court, or, if that date is not convenient for the Court, to December 28, 2026. The parties will continue to confer on the matters set forth in Rules 16(b)(3) and 26(f) and will submit any proposed agreed scheduling order at least three days before the rescheduled hearing, as the Court's Order directs. This request is made in good faith and not for purposes of delay, and will not prejudice any party.

## Conclusion

Plaintiff respectfully requests that the Court grant this Motion; extend Plaintiff's deadline to respond to Defendant's Motion to Dismiss, ECF No. 13, through and including December 11, 2026; continue the initial hearing currently set for December 1, 2026, at 12:00 p.m., ECF No. 15, to December 30, 2026, or alternatively December 28, 2026; and grant Plaintiff such other and further relief to which he may be entitled.

RESPECTFULLY SUBMITTED AND DATED this November 24, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that he has complied with the meet and confer requirement in Local Rule 7.1. The undersigned conferred with counsel for Defendant regarding both requests for relief in this Motion, including the proposed hearing dates of December 28 and December 30, 2026, and Defendant is unopposed.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong

**CERTIFICATE OF SERVICE**

The undersigned certifies this document was filed electronically in compliance with Local Rule 5.1. Accordingly, it was served on all counsel of record on November 24, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong